**Andres Onofre RAMIREZ, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–75287.

United States Court of Appeals, Ninth Circuit.

Submitted April 22, 2008.*

Filed May 2, 2008.

Andres Onofre Ramirez, Santa Ana, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel Department of Home-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

land Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., Justin Constantine, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GRABER, FISHER, and BERZON, Circuit Judges.

## MEMORANDUM **

Andres Onofre Ramirez, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' denial, as untimely and without merit, of his motion to reopen proceedings in order to apply for protection under the Convention Against Torture following the denial of his application for cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We deny the petition for review.

Onofre Ramirez contends that his motion to reopen was timely because there is no time limit for motions to reopen that seek relief under CAT and because he only recently became aware of "widespread torture" in Mexico. Onofre Ramirez filed his motion to reopen outside the ninety-day time limit set forth in 8 C.F.R. § 1003.2(c)(2), which does apply to CAT claims. In addition, he failed to present material evidence of changed country conditions that was not available and could not have been presented at the previous proceeding. *See* 8 C.F.R. § 1003.2(c)(3)(ii); *He v. Gonzales*, 501 F.3d 1128, 1131–32 (9th Cir.2007).

** This disposition is not appropriate for publi-

Onofre Ramirez also contends that the Board erred in concluding that even if the motion to reopen were timely, he did not establish a prima facie case of eligibility for relief under CAT. The generalized evidence attached to the motion did not meet the CAT standard. *See Nuru v. Gonzales*, 404 F.3d 1207, 1216 (9th Cir.2005) (holding that CAT applicant must establish that it is more likely than not that he would be tortured if removed to his native country); *Ordonez v. INS*, 345 F.3d 777, 785 (9th Cir.2003) (holding that motion to reopen must establish prima facie case demonstrating reasonable likelihood that requirements for relief have been satisfied).

**PETITION FOR REVIEW DENIED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

